UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH WILSON,

                       Petitioner,

     -against-

BRUCE YELICH, SUPERINTENDENT,

                      Respondent.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
11-cv-1942 (PKC)

PAMELA K. CHEN, United States District Judge:

        Petitioner Joseph Wilson, appearing *pro se*, petitions this Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his September 6, 2007 conviction and January 7, 2010 sentence. For the reasons set forth below, the petition is denied in its entirety.

**RELEVANT FACTS**[1]

        The instant petition arises out of charges surrounding a criminal transaction on the night of March 29, 2007, in which Petitioner sold crack cocaine in Hempstead, Nassau County, New York. (Respondent's Memorandum ("Resp't. Mem."), Dkt. 14, at ECF 13;[2] Respondent's Affidavit ("Resp't. Aff."), Dkt. 6, at ¶ 5.) Petitioner was arrested on April 15, 2007. (Petitioner's Memorandum ("Pet. Mem."), Dkt. 2, at ECF 11.) Petitioner was charged, by information, with (1) criminal sale of a controlled substance in the third degree (N.Y. Penal Law § 220.39[1]), (2) criminal possession of a controlled substance in the fifth degree (N.Y. Penal Law § 220.06 [1]),

---

[1] The Court presumes the parties' familiarity with the factual background of this case, which was fully detailed in the March 29, 2012 Order of the Honorable Joanna Seybert denying Respondent's Motion to Dismiss (Memorandum and Order, Dkt. 10). The Court, therefore, recites only those facts relevant to the resolution of the issues raised in this petition.

[2] "ECF" refers to the pagination generated by the court's CM/ECF docketing system, not the document's internal pagination.

and (3) criminal possession of a controlled substance in the seventh degree (N.Y. Penal Law § 220.03). (Resp't. Mem., at ECF 13; Resp't. Aff., at ¶ 6; *see also* Nassau County Superior Court Information 2072N/07, Dkt. 14, at ECF 38-41.)[3]

On September 6, 2007, Petitioner waived indictment and pled guilty pursuant to a plea agreement. (Plea Agreement, Dkt. 7; Pet. Mem., at ECF 7; Resp't. Mem., at ECF 15; Resp't. Aff., ¶ 8; Waiver of Indictment, SCI No. 2072N/07, Dkt. 14, at ECF 37.) As part of the agreement, Petitioner agreed to: (1) plead guilty to counts one (a class B Felony) and three (a Class A Misdemeanor) of the information; (2) enter a residential drug treatment program for "approximately 12-18 months"; and (3) then complete an outpatient treatment component for "approximately one year". (Resp't Aff., Dkt. 6 at ¶ 8; Resp't. Mem., at ECF 14.) The agreement further provided that in exchange for Petitioner's successful completion of both the residential and outpatient treatment programs, his B-felony conviction would be vacated, and he would be sentenced solely on the remaining A-misdemeanor conviction to either time served, a conditional discharge, or a term of probation. (Plea Agreement, at ¶ 4; Resp't. Aff., Dkt. 6, at ¶ 8; Resp't. Mem., at ECF 14.) The plea agreement also provided that if Petitioner failed to successfully complete both treatment programs, he would not be permitted to withdraw his guilty plea and he would be sentenced as a second felony offender on the B-felony conviction to a term of imprisonment not exceeding six years, to be followed by a term of post-release supervision of three years. (Plea Agreement, at ¶ 2; Resp't. Aff., at ¶ 8; Resp't. Mem., at ECF 14.) He would also be

---

[3] The Court notes that the plea agreement states that Petitioner was charged with six, not three, counts of drug-related charges, as stated in the information and Respondent's briefing on the petition. The parties provided no explanation for this discrepancy, which, in any event, appears irrelevant to the Court's consideration of the petition.

sentenced to a concurrent term of imprisonment for one year on the A-misdemeanor conviction. (*Id.*)

Petitioner successfully completed the residential treatment program on August 18, 2008. (Pet. Mem., at ECF 3; Resp't. Mem., at ECF 15; Resp't Aff., at ¶ 10.)  However, he failed to successfully complete the outpatient program, due to unexplained absences and positive test results for cocaine use.  (*Id.*; Resp't. Aff., at ¶¶ 11-12; Resp't. Mem., at ECF 16.)  Due to these lapses, Petitioner was twice arrested, brought before the trial court, and remanded.  (*Id.*)  Petitioner was remanded the second time on September 29, 2009, pending sentencing.  (*Id.*)

On January 7, 2010, Petitioner was sentenced on his B-felony conviction to a determinate term of imprisonment of four years, followed by three years of post-release supervision, and on his A-misdemeanor conviction to a concurrent term of imprisonment of one year.  (Resp't. Aff., at ¶ 13; Resp't. Mem., at ECF 16.)

## STANDARD OF REVIEW

Section 2254 provides that a *habeas corpus* application must be denied unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's "adjudication on the merits is one that (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (internal quotation marks and citation omitted).

"Clearly established federal law refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." *Howard v. Walker,*

406 F.3d 114, 122 (2d Cir. 2005) (internal quotation marks and citation omitted). A decision is "contrary to" established federal law if it either "applies a rule that contradicts the governing law set forth in" Supreme Court cases, or it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Penry v. Johnson,* 532 U.S. 782, 792 (2001) (citation omitted).

A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 413 (2000) (citation omitted). The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a deferential standard of review: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist v. O'Keefe,* 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams,* 529 U.S. at 411). A federal *habeas* court may only "issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Finally, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed *de novo.*'" *Dolphy v. Mantello,* 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears v. Greiner,* 459 F.3d 200, 203 (2d Cir. 2006)).

In reviewing the petition, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). The Court must interpret the petition "to raise the

strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis, citations and internal quotation marks omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. State of N. Y.,* 956 F. Supp. 257, 259 (E.D.N.Y. 1995). Therefore, Petitioner still "bears the burden to establish, by a preponderance of the evidence, that his constitutional rights have been violated." *Davidson v. Capra*, No. 15-CV-9840 (LGS) (JLC), 2018 WL 1637967, at *10 (S.D.N.Y. Apr. 4, 2018).

## DISCUSSION[4]

In his petition, Wilson argues that: (1) the imposition of an approximate time-frame in his plea agreement rendered it defective; (2) he was "denied his constitutional right to a speedy trial by the state not enforcing a valid Federal Penal Law; the Speedy Trial Act of 1974"; and (3) his waiver of indictment was unconstitutionally obtained because "an indictment was not filed in thirty days as is required by the Speedy Trial Act of 1974". (Pet. Mem., Dkt. 2, at ECF 7-8.) The Court finds these claims to be meritless.[5]

---

[4] The Court notes that, according to the docket sheet in this matter, Petitioner no longer appears to be incarcerated, and thus his request for *habeas* relief may well be moot. *Williams v. Schneiderman,* No. 05-CV-5289 (LDH), 2017 WL 4797803, at *3 (E.D.N.Y. Oct. 23, 2017) ("Courts have repeatedly held that challenges to the validity of a sentence are mooted by the expiration of that sentence.") (internal quotation marks and citation omitted) (citing, *inter alia, Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). However, because the record does not indicate whether Petitioner is currently under post-release state supervision, the Court, out of an abundance of caution, does not dismiss his petition as moot. *See Spencer,* 523 U.S. at 7 ("Once [a petitioner's] sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). Furthermore, "[w]hen a habeas petitioner challenges the criminal conviction itself, the Supreme Court 'has been willing to presume the existence of collateral consequences sufficient to satisfy the case-or-controversy requirement'". *Williams,* 2017 WL 4797803 at *3 (quoting *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999); *Spencer*, 523 U.S. at 8.)

[5] Although some of Petitioner's claims may be unexhausted, the Court is exercising its discretion to decide the entire petition on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant

## I. "Defective" Plea Agreement

First, Petitioner argues that his guilty plea entered on September 6, 2007 was legally defective due to the "imposition of an approximate time-frame" in his plea agreement that required him to participate in an in-patient residential drug treatment program for "approximately 12-18 months" and outpatient drug treatment for "approximately one year" (Pet. Mem., at ECF 3, 6; Plea Agreement, Dkt. 7, at ¶ 2). Petitioner maintains that this aspect of the agreement violated his constitutional right to a sentence with a "maximum expiration date" under the Fourteenth Amendment. (*See* Pet. Mem., at ECF 3.) Even assuming no procedural bar[6], this claim lacks merit.

Petitioner's attempt to characterize the drug treatment requirement as part of his sentence (*see* Pet., at ECF 5, Pet. Mem., at ECF 3, 5, 6) contradicts the plain language of the Plea Agreement,

---

to exhaust the remedies available in the courts of the State."); *Warren v. Goord*, No. 06-CV-1423 (RRM), 2013 WL 1310465, at *11 (E.D.N.Y. Mar. 28, 2013) ("Though neither the Supreme Court nor the Second Circuit has established a standard to guide the exercise of this discretion, many courts in the Circuit have denied unexhausted claims upon a determination that they are patently frivolous.").

[6] In fact, the state court rejected this argument in denying Petitioner's application to vacate his conviction pursuant to N.Y. Criminal Procedure Law § 440.10(2)(c) (*see* Petition ("Pet."), Dkt. 1, at ECF 17-18), finding that Petitioner had failed to present it on direct appeal. (*Id.*) The state court's reliance on a procedural bar is an "adequate and independent" state law ground that forecloses federal *habeas* review. *See Cone v. Bell,* 556 U.S. 449, 465 (2009) ("federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment."); *Ramirez v. Attorney General,* 280 F. 3d 87, 96 (2d Cir. 2001) (denial of a motion pursuant to N.Y.C.P.L. § 440.10(2)(c) is a denial pursuant to state law that operates as a procedural bar); *accord Coleman v. Thompson,* 501 U.S. 722, 729–30 (1991). "Even where the state court has ruled on the merits of a federal claim 'in the alternative,' federal habeas review is foreclosed where the state court has also expressly relied on the petitioner's procedural default." *Murden v. Artuz,* 497 F.3d 178, 191 (2d Cir. 2007) (quoting *Green v. Travis,* 414 F.3d 288, 294 (2d Cir. 2005)). The same procedural bar applies to Petitioner's speedy trial arguments discussed below. However, because the Court does not analyze whether "cause and prejudice" exists to overcome these procedural defaults, the Court resolves these arguments on the merits.

which states clearly that the successful completion of drug treatment is "a condition of said plea" to be completed "*prior* to sentencing." (Plea Agreement, at ¶ 2 (emphasis added).) The Plea Agreement also clearly sets forth the sentence Petitioner would receive if he successfully completed drug treatment, as well as the sentence that would be imposed if he failed to satisfy that condition. (*Id.,* ¶¶ 4, 8.) Thus, Petitioner's "defective" plea agreement claim is built on a faulty premise and must be rejected.

Furthermore, the sentence provided for in the plea agreement and the one ultimately imposed, even though conditioned upon Petitioner's pre-sentence performance during "approximate" periods of drug treatment, do not raise a "federal constitutional issue", because both were "within the range prescribed by state law". *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). The plea agreement provided that if Petitioner failed to successfully complete the treatment program, he would be sentenced to a term of imprisonment of up to six years for the B-felony conviction and a concurrent term of one year for the A-misdemeanor conviction. (Plea Agreement, at ¶ 2; Resp't. Aff., at ¶ 8.) After failing to complete the outpatient drug treatment program, Petitioner was, in fact, sentenced to a four-year term for the B-felony conviction and a one-year concurrent term for the A-misdemeanor conviction, followed by three years of post-release supervision. (Resp't. Aff., at ¶ 13; Resp't. Mem., at ECF 16.) Both the sentence provided for in the plea agreement and the one imposed on Petitioner were within the statutory maximum terms of nine years for the Class B felony (*see* N.Y. Penal Law §§ 220.39[1], 70.70(2)(a)(i)) and one year for the Class-A misdemeanor (*see* N.Y. Penal Law §§ 220.03, 70.15(1)).

Accordingly, the Court denies Petitioner's "defective" plea agreement claim.

## II.     Speedy Trial Act of 1974

Second, Petitioner argues that his waiver of indictment was unconstitutionally obtained

because he was not indicted within thirty days of his initial court appearance, as required under the Speedy Trial Act of 1974. (Pet. Mem., Ground Two, at ECF 8.)

Petitioner's statutory speedy trial claim is not cognizable on federal *habeas* review. The Speedy Trial Act of 1974 is a federal statute applicable only to federal criminal trials, rather than the state proceedings Petitioner seeks to challenge. *See Brown v. Perez*, No. 13-CV-4615 (JPO), 2014 WL 5343309, at *2 (S.D.N.Y. Oct. 21, 2014) (citing 18 U.S.C. §§ 3161(b), 3161(c)(1)) (The federal Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* establishes time limits for the completion of various stages of a federal criminal prosecution. . . . The Act, however, is applicable only to federal cases, and therefore does not apply to [Petitioner], who was charged with violating New York State law."); *see generally Zedner v. United States*, 547 U.S. 489 (2006) (citing 18 U.S.C. § 3161(c)(1)).

Accordingly, the Court denies Petitioner's Speedy Trial Act of 1974 claim.

## III. Constitutional Speedy Trial Rights

Petitioner also asserts a violation of his constitutional right to a speedy trial (Pet., Ground Three, at ECF 8). This claim lacks merit because of Petitioner's guilty plea. In the plea agreement, which was signed by Petitioner and his attorney, Petitioner expressly waived his speedy trial rights under the Constitution. (Plea Agreement, at ¶ 5.) Petitioner does not dispute that he voluntarily and expressly waived "any claim that the adjournment of sentence regarding this agreement is unreasonable and the right to any appeal or post-judgment motion on the grounds of deprivation of speedy trial or sentence." (*Id*. ¶ 6.) While a constitutional speedy trial claim, in contrast to a statutory speedy trial claim, is not automatically forfeited upon a guilty plea, "it may be the subject of an express waiver." *People v. Baldwin*, 162 A.D.2d 603 (2d Dept. 1990); *see also United States v. Monzon,* 359 F.3d 110, 116 (2d Cir. 2004) ("Where the record clearly demonstrates that the

defendant's waiver of [his] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable.").   Here, Petitioner presents no evidence to contradict or deny the voluntariness of his express waiver or the competence of his counsel in connection with the guilty plea or the agreement.   (*Compare* Pet. Mem., at ECF 3, 7 with Plea Agreement, at ¶¶ 5-6.)   Given these facts, Petitioner's underlying constitutional claim is without merit.  *See Poole v. United States,* No. 09-CV-341A (RJA), 2009 WL 1706696, at *2 (W.D.N.Y. June 17, 2009) (denying *habeas* relief where petitioner failed to raise or contest voluntariness of guilty plea or competence of counsel in waiving his indictment and his right to appeal on speedy trial grounds).

As to the merits of any potential constitutional claims Petitioner might bring regarding his waiver of the indictment, it is well settled that there is no federal constitutional right to a grand jury indictment.  *See Peters v. Kiff*, 407 U.S. 493, 496 (1972) ("[T]he Fifth Amendment right to a grand jury does not apply in a state prosecution.").  Thus, a claim of involuntary or unconstitutional waiver of indictment is not cognizable on federal *habeas* review.  *Curry v. Griffin*, 2012 WL 1379674 *5 (E.D.N.Y. 2012) (noting waiver of state grand jury indictment and consent to prosecution by information not cognizable on federal habeas review); *Rohit v. Conway,* 2007 WL 1540268, at *4 (E.D.N.Y. 2007) (noting same) (citing *Melendez v. Garvin,* 256 F. Supp. 2d 183, 185 (S.D.N.Y. 2003) (finding *habeas* claim alleging improper waiver to a grand jury indictment was "a question of state law alone" and "not cognizable on federal habeas review.")).

Accordingly, the Court denies Petitioner's constitutional speedy trial claim.

## CONCLUSION

For the reasons set forth above, the petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 is denied. Because Petitioner fails to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to enter judgment and close this case accordingly.


SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 18, 2018
      Brooklyn, New York